## J. R. (STICK) DALE v. STATE.

No. A-8446.  Jan. 20, 1933.
Rehearing Denied Feb. 17, 1933.
(18 Pac. [2d] 549.)

H. A. Johnson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Noble county of a second and subsequent violation of the prohibitory liquor law, and his punishment fixed by the court at a fine of $50 and imprisonment in the state penitentiary for a period of six months.

The evidence of the state was that the officers with a search warrant went to defendant's premises and there found six bottles of home brew in the ice box, six gallons of home brew in the smokehouse, a plant under the kitchen floor containing some home brew, a half gallon of whisky in a cave near the house, some empty beer bottles, several

empty bottles in the cave and smokehouse, and two cases of empty whisky bottles in a shed adjoining the stable. Evidence was also introduced as to a sale made prior to the raid and to the congregation of people at defendant's premises, who, on being arrested as they came away from the premises, were found to possess beer.

Defendant admitted prior conviction and the possession of home brew, testifying he had it for his own use. His wife testified that a stranger brought the half gallon of whisky to the house in her husband's absence as a Christmas present; that she did not know who the man was. Defendant denied he knew the whisky was there.

The evidence of the state positively supports the charge of a second and subsequent violation of the prohibitory liquor law.

It it next contended the court erred in holding the affidavit upon which the search warrant was issued sufficient to authorize the issuance of the search warrant. Defendant introduced the affidavit. It is positively sworn to, and contains a sufficient statement of fact to show probable cause.

It is next contended that the court erred in admitting the evidence secured by the search, since the officers did not have the original warrant with them. The evidence of the state is that the sheriff had a certified copy of the warrant which he served on defendant and which the defendant produced in court. There is no contention that the warrant was not actually issued and was not in the possession of the sheriff. The objection is technical and without any merit.

Finally, defendant contends that the case should be reversed on account of misconduct of the county attorney.

An examination of the record discloses that the county attorney was answering the argument of counsel for defendant; that the trial court directed the county attorney to confine his argument to the record and admonished the jury to pay no attention to anything other than the evidence and the instructions of the court. Counsel cannot provoke criticism by his argument and then predicate error upon a reply thereto by the county attorney.

It appears from the whole record that the defendant, who had been previously convicted of violation of the prohibitory liquor law, was well equipped for the business, and no doubt was carrying on the sale of intoxicating liquor at his home.

No substantial error appearing in the record, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.